982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie John JACOBS, Appellant,
v.
Steven ANTHONY, CO-1, Maximum Security Unit, Arkansas
Department of Correction, Appellee.
 No. 92-2032.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 24, 1992.
Filed: December 31, 1992.
 
 Before FAGG. BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie John Jacobs, an Arkansas inmate, appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing.
 
 
 2
 Jacobs alleged that correctional officer Steven Anthony violated his Eighth Amendment rights when Anthony left him locked in a shower stall for at least two and one-half hours without access to a chair or a toilet. Jacobs argues on appeal that the district court erred in finding that Anthony did not intend to violate his constitutional rights, and in dismissing his complaint without a jury trial.
 
 
 3
 We may set aside a district court's findings of fact only if they are clearly erroneous. Fed. R. Civ. P. 52(a). To conclude that findings of fact are clearly erroneous, the reviewing court must be left with the definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 4
 The magistrate judge determined that because Jacobs had not established that Anthony had known that Jacobs needed to use the toilet or needed a chair, he failed to prove that Anthony had acted with deliberate indifference to his constitutional rights. See Wilson v. Seiter, 111 S. Ct. 2321 (1991) (prisoner challenging conditions of confinement under Eighth Amendment must show "deliberate indifference" by responsible official). Upon careful review of the record, we conclude that the magistrate judge's findings, which the district court adopted, are not clearly erroneous.
 
 
 5
 Because Jacobs did not demand a jury trial, he waived his right to one. See Fed. R. Civ. P. 38(d).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster Jr., United States Magistrate Judge for the Eastern District of Arkansas